IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT ALLAN SMITH, #1617744,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-1392-L-BK |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition and request for evidentiary hearing be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The State indicted Petitioner for aggravated sexual assault of a child under the age of 14, enhanced by two prior felony convictions. *State v. Smith*, Nos. F08-34755-K and F08-34756-K (Crim. Dist. Court No. 4, Dallas County Oct. 7, 2008); SHCR at 110.[1] After refusing the State's plea bargain offer of 35 years' imprisonment, Petitioner entered open pleas of guilty and pleas of true to the enhancement paragraphs. SHCR at 116. On December 3, 2009, following a bench trial on the issue of punishment, Petitioner was sentenced to concurrent 50-year prison terms. *Id.* at 113. Although Petitioner did not appeal, he later submitted two state habeas applications,

---

[1] "SHCR," followed by the page number, refers to the State Habeas Clerk's Records in Nos. WR-47,535-03 and -04, which are identical. The state court record also includes transcripts of the open plea and sentencing hearings.

which the Texas Court of Criminal Appeals denied, without written opinion, on the findings of the trial court. *Ex parte Smith*, Nos. WR-47,535-03 and -04, at cover.

Subsequently, Petitioner filed this timely federal habeas petition challenging his convictions. (Doc. 2.) In six grounds, he alleges his guilty pleas were involuntary; his trial counsel rendered ineffective assistance in failing to file a motion to suppress, in failing to pursue a meaningful plea bargain, in failing to explain the consequences of the open pleas, and in failing to file a timely motion for new trial; and he should be re-sentenced based on the prosecutor's initial recommendation of thirty-five years. *Id.* at 10-15. Respondent argues the petition lacks merit, and Petitioner has filed a reply with a request for an evidentiary hearing. (Doc. 24, 25.)

## II. ANALYSIS

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), precludes habeas corpus relief unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). This burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ——, ——, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Moreover, the state court's factual determinations are presumed to be correct and subject to rebuttal only by clear and convincing evidence. *Blue v. Thaler,* 665 F.3d 647, 654-655 (5th Cir. 2011) (quoted cases omitted).

A.     **Voluntariness of Guilty Pleas (Claim 1)**

Petitioner challenges the voluntariness of his guilty pleas, averring that his counsel led him to believe that he would receive a specific sentence of court-ordered drug rehabilitation upon pleading guilty. (Doc. 2 at 10.) The state habeas court rejected this claim, finding Petitioner "was admonished in accordance with the law," and defense counsel adequately "discussed the consequences of an open plea with" him. SHCR at 100. Based on a review of the state court record, the Court finds that the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

A plea is involuntary, and thus insufficient to support a conviction, if the defendant "does not understand the nature of the constitutional protections that he is waiving, or . . . has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13 (1976) (citations omitted). "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citations omitted). This requires that the defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244 (1969).

Petitioner's pleadings, even when liberally construed, fail to show that the state court's adjudication of the voluntariness of his guilty pleas was unreasonable. Petitioner concedes he was adequately admonished of the charges, the range of punishment, and the consequences of the open pleas. (Doc. 25 at 2-3.) He admits that he ultimately agreed to the open pleas because the state refused to offer a plea bargain of less than 35 years, and because he hoped the judge would consider him for drug rehabilitation. *Id.* Petitioner argues, however, that counsel's statements to

his mother and wife *following* his open pleas – that the judge "had called him into chambers and stated that based upon the two interviews that he was going to sentence [Petitioner] to court ordered rehab[ilitation] followed by probation" – rendered his pleas involuntary. *Id.* at 4. He asserts that counsel's assurances to his family amounted to "erroneous advice that Petitioner would receive a specific sentence of court ordered drug rehab[ilitation] and probation." *Id.* at 5. It is wholly illogical to conclude that Plaintiff made a decision to plead guilty based on representations not yet made or communicated to him.

Petitioner cannot overcome the presumption of correctness, which applies to the state court's factual findings that his open pleas were voluntary. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Because the state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law, this ground for relief should be denied.

**B.   Ineffective Assistance of Counsel**

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard. *Cullen v. Pinholster*,—— U.S. ——, 131 S. Ct. 1388, 1403 (2011). The Court "take[s] a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen*, 131 S. Ct. at 1403 (quoted cases omitted). Under section 2254(d)(1) deference, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 131 S. Ct. 770, at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

   1. Counsel's Failures in Connection with Open Guilty Pleas (Claims 1, 3, and 4)

Petitioner alleges counsel rendered ineffective assistance in connection with his open guilty pleas. Specifically, he asserts defense counsel failed to explain to him "the consequences of the open plea[s]," failed "to convey to the Petitioner that if the trial judge did not grant the drug rehabilitation that he would not be eligible for the 35-year plea bargain offer discussed prior to the proceedings," led him to believe that he would be sentenced to drug rehabilitation, failed to advise "the trial judge . . . that there was a plea bargain on the table," and "failed to pursue a meaningful plea bargain." (Doc. 2 at 10, 12-13.)

The state habeas court rejected Petitioner's claims. SHCR at 102-103. With regard to counsel's alleged failure to pursue a plea bargain, the state court found:

> 8. Mr. Croman also states that he attempted to manage a plea deal for the Applicant, but that the State was unwilling to agree to a sentence below thirty-five years. Under the belief that the Applicant would be a good candidate for drug rehabilitation, Mr. Croman advised Applicant to plead guilty before the court without a plea agreement.

>9. The Court, therefore, finds that trial counsel's strategy of advising Applicant to go open before the court was to attempt to get a lower sentence than what the State was offering.
>
>10. Accordingly, the Court finds that trial counsel was not ineffective for failing to secure a plea agreement.

SHCR at 102.

The state court also held that "Applicant's claim that counsel failed to inform him that he would not be eligible for the thirty-five year deal if he went open to the court [was] meritless." *Id.* The court concluded "that the Applicant was properly admonished on the full range of punishment" and that he "was aware that he was turning down the State's plea offer by going open to the Court." *Id.*

Petitioner has not shown that the state court's decision rejecting his claims of ineffective assistance of counsel was an unreasonable application of clearly established federal law. The state court record reflects counsel repeatedly endeavored to obtain a better plea bargain. SHCR at 102. The State, however, was unwilling to agree to less than thirty-five years in light of the strong evidence and eye witness testimony. *Id.* Therefore, counsel was not constitutionally deficient in failing to secure a better plea bargain.

In addition, because Petitioner appeared to be a good candidate for drug rehabilitation, counsel advised him that entering open pleas of guilty would permit the trial judge to consider Petitioner for drug rehabilitation in lieu of penitentiary time. SHCR at 102. Drug rehabilitation, however, was not a guarantee. SHCR at 105-06. Counsel explained to Petitioner that it was the best option since Petitioner did not want to go to trial, and the prosecutor would not offer a plea bargain of less than 35 years. *Id.* Petitioner concedes that he ultimately agreed to the open pleas

of guilty because the state refused to offer a plea bargain of less than 35 years. (Doc. 25 at 2.) Accordingly, counsel's decision to advise Petitioner to enter open pleas did not fall below an objective standard of reasonableness.

Moreover, contrary to his conclusory assertions, Petitioner was adequately advised of the consequences of his open pleas. As reflected in the state court record and as conceded in his pleadings, Petitioner was admonished of the charges, the range of punishment, and the consequences of the open pleas. (Doc. 25 at 2-3.) Moreover, open pleas of guilty provided the sole opportunity, although not a guarantee, that the judge would consider Petitioner for drug rehabilitation. *Id.* Petitioner admits that, since the state had refused to offer a plea bargain of less than 35 years, he agreed to the open pleas, in the hopes the trial judge would consider him for drug rehabilitation. *Id.* Having declined the 35-year plea bargain offer and entered open pleas, Petitioner's assertion that counsel failed to advise "the trial judge [at sentencing] . . . that there was a plea bargain on the table" is patently frivolous. Clearly after entry of the open pleas of guilty, no plea bargain remained.

Thus, Petitioner cannot show that the state court's decision rejecting his claims of ineffective assistance of counsel was an unreasonable application of clearly established federal law, and his first, third, and fourth claims of ineffective assistance of counsel fail.

2. Counsel's Failure to Request a Hearing on Motion to Supress (Claim 2)

Petitioner asserts counsel rendered ineffective assistance in failing to request a hearing on a motion to suppress his confession, cell phone text messages, and digital photos prior to entry of his open pleas. (Doc. 2 at 11.) The state habeas court denied relief concluding, based on

counsel's affidavit, "that the evidence against the Applicant . . . was very strong and would likely have resulted in a conviction regardless of the outcome of the motion to suppress." SHCR at 102.

Petitioner contends that, if the motion to suppress had been granted, the State would have been left with little or no evidence because trial counsel had obtained two waivers of nonprosecution. (Doc. 3 at 10, 12.) His argument, however, is conclusory. Petitioner has not offered evidence to rebut counsel's averments in his affidavits that the State "had eye witness testimony from several witnesses who saw the offense occur in their presence," and statements from both the victim and Petitioner implicating Petitioner in the offense. SHCR at 105, 108. In addition, some of the evidence obtained from Petitioner's computer and text messages or cell phone would have been duplicative of evidence obtained from the victim's e-mail and computer, and thus not subject to suppression. *Id.* at 108. In light of these facts, and after consulting with counsel, Petitioner "made a conscious decision not to pursue the Motion to Suppress as it would have accomplished little." *Id.* at 109.

In sum, Petitioner has not overcome the presumption of correctness that applies to the state court's factual findings that the evidence against him was "very strong and would likely have resulted in a conviction regardless of the outcome of the motion to suppress." SHCR at 102; *see* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Nor has Petitioner demonstrated that the state court's decision rejecting his claims of ineffective assistance of counsel was an unreasonable application of clearly established federal law. Therefore, his claim

that counsel rendered ineffective assistance in failing to request a hearing on the motion to suppress fails.

      3. <u>Counsel's Failure to File a Timely Motion for New Trial (Claim 5)</u>

Next, Petitioner asserts counsel rendered ineffective assistance in failing to file a timely motion for new trial. In responding to this claim on state habeas review, trial counsel affirmed:

> [Petitioner] at no time ever request that I file a Motion for New Trial for him, though we had discussed those possibilities after the sentencing had taken place. I personally went down and filed the Motion for New Trial, even though [Petitioner] had not requested that I do so, just in an effort to possibly get re-sentencing for [Petitioner].

SHCR at 106. The state habeas court denied the claim, concluding that, even though counsel filed the motion for new trial late, "counsel was not ineffective because [Petitioner] had not requested that his attorney file a motion for new trial or appeal." SHCR at 103.

Petitioner argues that counsel's failure to move for new trial deprived him of counsel at a critical stage of the proceedings in violation of his constitutional rights. (Doc. 3 at 24.) He claims that "[p]rejudice . . . should be presumed given the cumulative effect of counsel's representation" and, alternatively, that "[t]he untimeliness of the motion for new trial itself establishes the required prejudice." *Id.* at 25.

In Texas, "there is a Sixth Amendment right to the assistance of counsel at the motion for new trial, during the post-trial, pre-appeal period . . . because it is a critical stage." *McAfee v. Thaler*, 630 F.3d 383, 392-93 (5th Cir. 2011) (citing *Cook v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007)), *cert. denied*, 132 S. Ct. 754 (2011). Here, however, Petitioner failed to request counsel to file a motion for new trial, despite having discussed the matter with him after

sentencing. In any event, Petitioner has not specified what issues counsel could have raised in a motion for new trial. (Doc. 3 at 24-26.) As noted above, the entry of the open pleas of guilty was knowing and voluntary. Petitioner, thus, has not asserted any facially plausible claim that counsel could have presented in a motion for new trial. In addition, he has not shown that, if timely pursued, the requested motion for new trial would have been granted. *Id.* at 26. Mere conclusory allegations in support of a claim of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602-03 (5th Cir.1985).

Because Petitioner has failed to show that the state court's decision rejecting this claim of ineffective assistance of counsel was an unreasonable application of clearly established federal law, this claim likewise fails.

**C.     Re-sentencing (Claim 6)**

Petitioner requests that he be re-sentenced to the prosecutor's original offer of thirty-five years. (Doc. 2 at 10.) The state habeas court rejected this claim, finding that it was "not cognizable on writ of habeas corpus." SHCR at 103. Petitioner cannot show that the state court's decision denying his claim was contrary to or an unreasonable application of clearly established federal law. Insofar as he reiterates that "trial counsel failed to explain the consequences of [his] open plea in a way that [he] was making a conscious and informed decision when [he] pled to the open plea," his claim lacks merit. (Doc. 2 at 10.) As addressed and rejected above, after being admonished of the charges, the range of punishment, and the consequences of the open pleas, Petitioner voluntarily entered open pleas, declining to accept the

original plea offer. Therefore, his sixth claim fails.

**D.     State Habeas Court's Defects**

In his supplemental brief, Petitioner claims a defect in the state habeas court "fact-finding process." (Doc. 11 at 4; Doc. 25 at 6.) Specifically, he contends the state habeas court failed "to consider and weigh relevant evidence that was properly presented to the state court and made part of the state-court record" – namely the affidavits of his mother, sister, and wife. (Doc. 11 at 4.) He argues the state habeas court entered findings based upon counsel's affidavit, ignoring altogether the affidavits he submitted along with his state application. *Id.* at 6. Petitioner appears to challenge the adequacy of the state habeas proceedings. Infirmities in collateral proceedings, however, are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (collecting cases).

**E.     Request for Evidentiary Hearing**

Lastly, Petitioner requests an evidentiary hearing, again claiming the state habeas court failed to consider the affidavits of his mother, sister, and wife, attached to his state habeas application. (Doc. 25 at 7-16.) However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* —— U.S. ——, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (noting that "[t]he same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged" in *Pinholster*.) "Section 2254(e)(2) continues to have force [only] where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 131 S. Ct. at 1401. "At a minimum, . . . § 2254(e)(2) still restricts the discretion of

federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id.*

Here, as in *Pinholster*, Petitioner's habeas petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing. *See, e.g., Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) ("Under *Pinholster* ... the district court erred by conducting the evidentiary hearing and by relying on evidence from that hearing to conclude that the state habeas court had unreasonably applied *Strickland*.").

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus and Petitioner's motion for an evidentiary hearing (Doc. 25) be **DENIED**.

SIGNED August 16, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE