IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT ALLAN SMITH**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-1392-L-BK** |
| | § | |
| **RICK THALER**, **Director**, | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Robert A. Smith's ("Smith" or "Petitioner") Petition for Writ of Habeas Corpus, filed June 16, 2011; Petitioner's Amended 28 U.S.C. § 2254 Habeas Corpus Petition, filed July 19, 2011, which this court construes as a supplemental brief in support of Petitioner's habeas corpus petition; Respondent Rick Thaler's Answer with Brief in Support, filed January 24, 2012; and Petitioner's Traverse to Respondent Thaler's Answer with Brief in Support and Request for Evidentiary Hearing, filed February 24, 2012. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 16, 2012, recommending that Smith's habeas petition and request for an evidentiary hearing be denied. Specifically, the magistrate judge concluded that Smith

failed to show that the state court's adjudication of the voluntariness of his guilty pleas and claims of ineffective assistance of counsel was an unreasonable application of clearly established federal law.

**Memorandum Opinion and Order - Page 1**

Smith filed objections to the Report on October 11, 2012.[1] Smith sets forth a number of objections to the Report. First, he contends that the state habeas courts failed to apply *Strickland v. Washington*, 466 U.S. 668 (1984), in reviewing his claim regarding the voluntariness of his guilty pleas. Pet.'s Objections to Magistrate[']s Report and Recommendation and Supporting Points and Authorities 5. Smith also objects to the Report's suggestion that his trial counsel assured him that he would receive a certain sentence only *after* he had already pled guilty. *Id.* at 7. According to Smith, his trial counsel, "at all times," led him to believe that he would receive the specific sentence of court-ordered drug rehabilitation. *Id.* at 8. Furthermore, Smith asserts that his trial counsel's affidavit should be disregarded because trial counsel was "not truthful." *Id.* at 14. Smith also contends that both the trial judge and the magistrate judge are "fabricating tactical decisions on behalf of trial counsel" to cover up "for his deficient performance." *Id.* at 22. Additionally, Smith asserts that he was never told about the possibility of filing a motion for new trial by trial counsel, which is why he never requested trial counsel to do so. *Id.* at 37. Smith further objects to the Report's conclusion that he is challenging the adequacy of the state habeas proceeding and that it does not provide grounds for federal habeas relief. *Id.* at 38. Finally, Petitioner objects to the Report's conclusion that he is not entitled to an evidentiary hearing. *Id.* at 47. The court has reviewed each objection and determines each is without merit because the arguments and evidence

---

[1] Smith moved for an extension of time to respond to the Report on September 5, 2012. The court granted Smith's request and ordered that any response to the Report be filed no later than October 1, 2012. Although Petitioner's objections were not timely filed, the court nonetheless considers his objections, as he is appearing pro se. He asserts objections other than those herein stated; however, the objections are merely a restatement of those arguments asserted before the magistrate judge.

Smith also filed a notice of appeal and application for certificate of appealability contemporaneously with his objections to the Report. Because a final order had not yet been entered in this proceeding from which Smith could appeal from, the court denied Smith a Certificate of Appealability on October 18, 2012.

**Memorandum Opinion and Order - Page 2**

presented by Petitioner fail to show that he has been deprived of any constitutionally protected rights. Accordingly, Petitioner's objections are **overruled**.

After reviewing the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Smith's Petition for Writ of Habeas Corpus.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order - Page 3**

**It is so ordered** this 9th day of November, 2012.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**